UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAURA K.[1],

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

---

23-CV-641 (JLS)

## DECISION AND ORDER

Plaintiff Laura K. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 4–1. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 5–1, 6. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## **PROCEDURAL HISTORY**

This action originates from Plaintiff's application for Supplemental Security Income ("SSI"), filed on February 2, 2021.[2] Tr. 273–79.[3] Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 263–71. Following the hearing, at which Plaintiff was represented by counsel, ALJ Victoria A. Ferrer issued a decision finding that Plaintiff was not disabled. Tr. 15–31. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–6; Dkt. 1.

## **LEGAL STANDARDS**

### I.   DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).

[3] The filing at Dkt. 3 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 3 are hereby denoted "Tr. __."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(g)(1).

4

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since filing her application on January 20, 2021. Tr. 18. The ALJ also found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis of the left knee, post multiple replacement surgeries, and obesity. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 24.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> [Plaintiff] can stand/walk for 2 hours in an 8-hour workday. [She c]an sit 6 hours in an 8-hour workday. [She] needs a cane to ambulate. She can occasionally push and pull with the left lower extremity. [Plaintiff] can occasionally stoop, crouch, and climb (ramps, stairs, ladders, and scaffolds). She cannot crawl or kneel.

Tr. 25.

The ALJ found that Plaintiff had no past relevant work. Tr. 29. But the ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. Tr. 30. As such, according to the ALJ, Plaintiff had not been under a disability since her application date of January 20, 2021. Tr. 31.

## II.   PLAINTIFF'S ARGUMENT

Plaintiff makes three main arguments for judgment in her favor. She first asserts that the ALJ failed to evaluate the consistency between the opinions of Frederick B. McAdam, M.D., ("Dr. McAdam"), and Angelina Ryan, PA ("PA Ryan"). Dkt. 4–1, at 13–14. Next, Plaintiff argues that "the ALJ's reliance on the assumption that PA Ryan only based her limitations on Plaintiff's hip impairment to reject her opinion is plainly inappropriate and suggests a mischaracterization of the evidence." Dkt. 4–1, at 12. Finally, Plaintiff argues that, "rather than assuming which impairments PA Ryan had in mind when rendering her opinion, the ALJ should have resolved the ambiguity by recontacting PA Ryan for clarification rather than defaulting to the interpretation that disadvantaged Plaintiff." *Id.*

## III.   ANALYSIS

### A. The ALJ was not required to evaluate the consistency between the opinions of Dr. McAdam and PA Ryan.

Under 20 C.F.R. § 404.1520c, the ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative

6

findings. *See* 20 C.F.R. § 404.1520c(a)-(c). The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, (5) other factors. *Id.* § 404.1520c(c). An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three. *Id.* § 404.1520c(b). The ALJ is tasked with analyzing medical opinions at the source-level, meaning that the ALJ need not discuss each and every medical opinion in the record, and may apply the factors holistically to a single medical source. *Id.* § 404.1520c(b)(1).

With respect to the supportability factor, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be. *Id.* § 404.1520c(c)(1). As to the consistency factor, the regulations provide that "[t]he more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding will be." *Id.* § 404.1520c(c)(2).

On May 5, 2022, Dr. McAdam completed a medical source statement, and opined, among other things, that Plaintiff could sit and stand for thirty minutes at a time and walk for at least ten minutes every half hour. Tr. 891–92. Dr. McAdam

7

noted that Plaintiff saw him from December 3, 2015, through April 22, 2022, but that Plaintiff's last appointment with him prior to April 22, 2022 was on October 15, 2019. Tr. 890. Dr. McAdam opined that Plaintiff could lift and carry less than ten pounds occasionally; ten pounds rarely; and never lift and carry over twenty pounds. *Id.* at 892. Lastly, he found that Plaintiff could occasionally twist; rarely stoop (bend), crouch/squat, and climb stairs; and never climb ladders. *Id.* at 893.

The ALJ found Dr. McAdam's opinion to be of limited persuasion, noting that the examination dated April 22, 2022 does not support the severe limitations that Plaintiff had a limited range of motion in the lumbar spine and pain/tenderness in both hips.[4] Tr. 29. The ALJ further explained that the examination from April 22, 2022 "lists [Plaintiff's] flexion and extension only restricted by 25%[, and that t]here was discomfort with the end range, but neither the limited movement or the pain (moderate at worst) would indicate such limited movement or restricted lifting/carrying." *Id.* The ALJ additionally noted that, "[o]utside the lumbar spine and hips, the record notes the examination unremarkable, including [Plaintiff's]

---

[4] Plaintiff argues that the ALJ incorrectly determined that Dr. McAdam's opinion was of limited persuasiveness "in large part because, although Plaintiff had [been] treated at Dr. McAdam's practice since 2015, she had only received treatment there once during the relevant period." Dkt. 4–1, at 13. Here, the ALJ explained that Dr. McAdam's findings were not supported by the examination from April 22, 2022, and that "[t]he objective findings associated with the opinion does not provide the support for such severe limitations." Tr. 29. As noted above, this analysis goes towards the supportability factor, which provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be. 20 C.F.R. § 404.1520c(c)(1). Thus, Plaintiff's argument is without merit.

8

normal gait." *Id.* Lastly, the ALJ opined that the "objective findings associated with the opinion does not provide the support for such severe findings." *Id.*

On May 25, 2022, PA Ryan completed a primary source statement, and opined, among other things, that Plaintiff could sit and stand for thirty minutes at a time; stand and walk less than two hours in an eight-hour workday; and sit about four hours in an eight-hour workday. Tr. 908–09. PA Ryan additionally noted that Plaintiff could lift and carry ten pounds frequently; twenty pounds occasionally; and never lift and carry fifty pounds. *Id.* at 909–10. Lastly, PA Ryan opined that Plaintiff could rarely twist, stoop(bend), and crouch/squat; occasionally climb stairs; and never climb ladders. *Id.* at 910.

The ALJ determined PA Ryan's opinion to be of limited persuasion, noting that PA Ryan's assessment primarily focused on Plaintiff's hip impairment, and that there was no specific diagnosis related to her knee replacement or her lumbar degeneration. Tr. 28–29. The ALJ further noted that PA Ryan's opined limitations focused on Plaintiff's non-severe hip impairment, and was "not reflective of [Plaintiff's] maximum [RFC] for the period at issue." *Id.* at 29. The ALJ additionally mentioned that some limitations opined by PA Ryan were incorporated in Plaintiff's RFC, including that Plaintiff could perform "light exertion from a lift/carry capacity, limited [in] climbing stairs, and limited [in] stooping and crouching (but not as severe as PA Ryan found)." *Id.*

Contrary to Plaintiff's argument, the ALJ was not required to discuss the consistency between the opinions of PA Ryan and Dr. McAdam. As noted above, the

9

regulations provide that "[t]he more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding will be." *Id.* § 404.1520c(c)(2). Here, the ALJ noted that PA Ryan's sit/stand limitation and her finding that Plaintiff could sit for about four hours in an eight-hour workday were "not supported by the evidence" as there was "no indication of pain with prolonged sitting" and that the records did not "support the additional breaks to allow [Plaintiff] to stretch/move about because of her impairments." Tr. 29. Additionally, the ALJ noted that Dr. McAdam's severe limitations were not supported by the record, and that other examinations in the record were unremarkable, including that Plaintiff showed normal gait. *Id.*

Thus, the ALJ properly considered the consistency of the opinions in relation to the record as a whole, and was not obligated to specifically compare those opinions with each other. *Tiffany A. J. v. Comm'r of Soc. Sec.*, 2023 WL 2202628, at *5 (W.D.N.Y. Feb. 24, 2023) ("Although ALJ Cascio does not directly compare Dr. Coniglio's opinion with Dr. Huckell's, or state that he finds the lifting restriction in Dr. Coniglio's opinion inconsistent with Dr. Huckell's, his reasoning is clear because he discusses Dr. Coniglio's opinion in the same paragraph as, and immediately after, his analysis of Dr. Huckell's opinion."); *Tamara M. v. Saul*, 2021 WL 1198359, at *10 (N.D.N.Y. Mar. 30, 2021) ("That both Dr. Hsue and Ms. Wenzinger reached similar but conclusory findings does not entitle either of them to greater weight . . .

10

[or] equate to consistency with the overall medical treatment notes or the other well-supported medical opinions.").

### B. The ALJ did not mischaracterize PA Ryan's opinion.

Contrary to Plaintiff's argument that the ALJ used the "assumption that PA Ryan only based her limitations on Plaintiff's hip impairment to reject her opinion[,]" the ALJ did not reject PA Ryan's opinion. Dkt. 4–1, at 12. Rather, the ALJ noted that, although PA Ryan's opinion included "findings related to [Plaintiff's] left knee[,]" the opinion only contained a diagnosis of trochanter bursitis/right hip osteoarthritis, and therefore, "it appears the focus of these limitations is based on [her] non-severe hip impairment." *See* Tr. 28–29, 907–10. Moreover, the ALJ relied on several of PA Ryan's opined limitations to craft Plaintiff's ultimate RFC determination. The ALJ was permitted to note the discrepancies between the diagnoses and the findings within PA Ryan's primary source statement. *Patrick R. v. Comm'r of Soc. Sec.*, 2022 WL 17247242, at *3 (W.D.N.Y. Nov. 28, 2022) ("It has been well-recognized that it is the ALJ who is tasked with formulating an RFC based on a review of the entire record, and that it is within the ALJ's direction to resolve genuine conflicts in the evidence.") (internal citations omitted).

### C. The ALJ was not required to recontact PA Ryan.

Plaintiff's argument that the ALJ should have recontacted PA Ryan, "rather than defaulting to the interpretation that disadvantaged Plaintiff," is misplaced. Dkt. 4–1, at 12. "[T]he Commissioner's regulations indicate that the ALJ may

11

recontact any 'medical source' where the evidence of the record is incomplete or inconsistent, including where the evidence is 'ambiguous.'" *Scott v. Berryhill*, 201 WL 4442882, at *4 (W.D.N.Y. Sep. 17, 2018) (citing 20 C.F.R. § 404.1520b(b)(2)(i)). But "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1983) (internal quotation marks omitted); *see also Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (summary order) (holding that an ALJ "is not required to develop the record any further when the evidence already presented is adequate for [the ALJ] to make a determination as to disability." (internal quotation marks and citation omitted)).

Here, PA Ryan's opinion was not ambiguous, and the record was not incomplete or inconsistent. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Thus, the ALJ was not required to recontact PA Ryan because of her observation that the "focus of [Plaintiff's] limitations [within PA Ryan's opinion] is based on [her] non-severe hip impairment." Tr. 29.

In general, a plaintiff's RFC is the most he or she can do despite his or her limitations. 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.*

12

§ 416.945(a)(1) ("We will assess your [RFC] based on all the relevance evidence in your case record."); *see id.* § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your [RFC]"). Plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support his position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *See Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ, and Plaintiff fails to do so here. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 5–1) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 4–1). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   January 30, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE